IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ERICK A. CORDON, et al.,          )
                                  )
        Plaintiffs,               )
                                  )
            v.                    )      1:10cv645 (JCC)
                                  )
AURORA LOAN SERVICES, LLC,        )
        et al.,                   )
                                  )
        Defendants.               )


**M E M O R A N D U M   O P I N I O N**

        This matter is before the Court on Defendants Option
One Mortgage Corporation and PNC Mortgage[1]'s respective Motions
to Dismiss Plaintiffs Erick A. Cordon and Mayra L. Fernandez's
complaint ("Complaint") for failure to state a claim upon which
relief may be granted pursuant to Federal Rule of Civil Procedure
12(b)(6).[2]  For the following reasons, the Court will grant
Defendants' unopposed Motions to Dismiss.

_____

        [1] The Complaint erroneously names PNC Mortgage as "National City
Mortgage."  PNC Mortgage was formerly known as National City Mortgage, Co.
For the purposes of this case, the Court will refer to the named-Defendant
"National City Mortgage" as PNC Mortgage.  The Court will collectively refer
to Defendants Option One Mortgage Corporation and PNC Mortgage as "Defendants"
in this opinion.

        [2] Aurora Loan Services, LLC also filed a Motion to Dismiss on June 17,
2010; however, on August 9, 2010, Notice of Settlement was filed between
Plaintiffs and Defendant Aurora Loan Services, LLC [Dkt. 28], and on August
24, 2010, this matter was dismissed with prejudice as to Defendant Aurora Loan
Services, LLC [Dkt. 29].  This opinion therefore does not address Defendant
Aurora Loan Services, LLC.

## I. Background

This case arises out of a residential mortgage loan consummation which took place on April 18, 2006 in connection with Plaintiffs' purchase of a property located at 14928 Hyatt Place, Woodbridge, Virginia ("Property"). (Compl. ¶¶ 14-25.) Plaintiffs Erick A. Cordon and Mayra L. Fernandez (collectively "Plaintiffs") are the borrower of two residential home mortgage loans ("Loans") at issue and were the owners of the Property. (Compl. ¶¶ 14-15.) They are of Guatemalan and El Salvadoran descent with limited education and have limited proficiency in English. (Compl. ¶¶ 13, 21.) Defendant Option One Mortgage Corporation ("Option One") was the original lender of the first mortgage loan ("First Mortgage") in the amount of $268,000. (Compl. ¶ 8.) Defendant PNC Mortgage was the mortgage broker of the First Mortgage. (Compl. ¶ 9.) Defendant Farouk Hirmao ("Hirmao") was an agent of PNC Mortgage. (Compl. ¶ 10.) Plaintiffs allege that "[a]ll of [PNC Mortgage's] acts, representations and omissions were made within the scope of its agency relationship with" Aurora Loan Services LLC ("Aurora"). (Compl. ¶ 31.) Plaintiff also named Defendants John Does 1-50 whose names and capacities are currently unknown. (Compl. ¶ 12.)

The Complaint contains the following seven causes of action against all Defendants: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.,*

and the Virginia Consumer Real Estate Settlement Protection Act ("CRESPA"), Va. Code. Ann. §§ 6.1-2.19, *et seq.* (Count I); (2) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* and 12 C.F.R. § 226 ("Regulation Z") (Count II); (3) conspiracy (Count III); (4) breach of fiduciary duty (Count IV); (5) fraud (Count IV [*sic*]); (6) violation of the Virginia Mortgage Lender and Broker Act ("MLBA") (Count V); and (7) declaratory judgment (Count VI). Plaintiff seeks statutory damages, general damages in the sum of $400,000, actual damages to be established at trial, costs and reasonable attorney's fees, a judgment order declaring that Defendants are not entitled to enforce the Loans against Plaintiffs, asking Defendants to identify the actual note holder of the Loans and to produce the original note relating to the Loans, and any other equitable and legal relief the Court deems appropriate.

The allegations in the Complaint are as follows: On April 18, 2006, Plaintiffs bought their first home, the Property at issue, for $337,000. (Compl. ¶ 14.) To effectuate the purchase of the Property, Plaintiff obtained two mortgages--the First Mortgage in the amount of $268,000 and a second mortgage to cover the remainder and associated closing costs. (Compl. ¶ 15.) Before obtaining the Loans, Plaintiffs met with a representative from PNC Mortgage and were told by her that they "would undoubtedly qualify for a mortgage loan." (Compl. ¶ 16.)

Subsequently, relying on Hirmao's representations that they would qualify for a fixed rate mortgage loan, Plaintiffs submitted a Uniform Residential Loan Application ("URLA") to Hirmao. (Compl. ¶ 18.)

Plaintiffs contend that they should have but did not receive a Good Faith Estimate ("GFE") as well as a signed version of the URLA after their submission. (Compl. ¶ 18.) Plaintiffs further contend that, unbeknownst to them, a false social security number--as opposed to Mr. Cordon's--was used on the URLA to obtain the Loans. (Compl. ¶ 20.) Plaintiffs first learned that the false social security number was provided to obtain the Loans in January of 2010. (Compl. ¶ 20.) Had they known that the false social security number was used on the URLA, they would not have consummated the transaction. (Compl. ¶ 20.) Over the course of the loan negotiations, Plaintiffs never received certain disclosures and information relating to these Loans from Hirmao and PNC Mortgage despite their requests. (Compl. ¶ 25.)

Relying on the misrepresentations of Hirmao, PNC Mortgage, and others who were present at the settlement, Plaintiffs believed that the First Mortgage was amortized over thirty years and fixed at an interest rate of 7.875% and that the documents they were signing contained correct information. (Compl. ¶¶ 15, 19.) In reality, the First Mortgage was only fixed for an introductory period of two years and then adjusted

to a variable interest rate thereafter. (Compl. ¶ 15.) Further, when Plaintiffs inquired about the specific settlement papers, Hirmao and PNC Mortgage assured them that "they need not worry about such things." (Compl. ¶ 19.) Plaintiffs submit that they never received any disclosures required under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, nor did they receive any required disclosures pursuant to the RESPA. (Compl. ¶¶ 23-24.) Plaintiffs allege that they had no knowledge of Defendants' wrongdoings until November 2009 because of Defendants' "overreaching attempts to conceal the true nature of the contractual terms." (Compl. ¶ 49.) Based on their continued difficulty in managing high monthly mortgage loan payments with other living expenses, Plaintiffs defaulted on their Loans in October, 2009. (Compl. ¶ 26.) The property was listed for foreclosure shortly thereafter and sold at a foreclosure sale on April 1, 2010. (Compl. ¶ 27.)

On May 20, 2010, Plaintiffs filed the Complaint against Defendants Aurora, Option One, PNC Mortgage, and Hirmao in the Circuit Court for Prince William County, Virginia. [Dkt. 1.] On June 10, 2010, Defendant Aurora removed the case to the United States District Court for the Eastern District of Virginia. [Dkt. 1.] On June 17, 2010, Defendant Aurora moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 6.] On July 1 and July 16, 2010, respectively,

Defendants Option One and PNC Mortgage filed their Motions to Dismiss under Rule 12(b)(6). [Dkts. 11, 21.]  Plaintiffs did not oppose these motions.  A Notice of Settlement was later filed regarding Defendant Aurora, and Defendant Aurora was dismissed with prejudice from this matter on August 24, 2010. [Dkts. 28, 29.] Therefore, only Defendants Option One and PNC Mortgage's respective Motions to Dismiss are before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Thus, a court must take "the material allegations of the complaint" as admitted and must liberally construe the complaint in favor of a plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citation omitted).

Indeed, the legal framework of a complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965.

In *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. Analysis

Plaintiffs alleged all six causes of action against all Defendants. Defendants Option One, and PNC Mortgage argue that

all of Plaintiff's claims must be dismissed because they are either barred by applicable statutes of limitations or no private cause of action exists for them. (Def. Option One's Mem. in Supp. of Mot. to Dismiss ("Option One's Mem.") at 2-6); (Def. PNC Mortgage's Mem. in Supp. of Mot. to Dismiss ("PNC's Mem.") at 2.) The Court will address Defendants' arguments pertaining to each Count in turn.

## A.  Count I

Plaintiffs allege in Count I of the Complaint that Defendants violated RESPA, Regulation X, 24 C.F.R. § 3500, *et seq.*, and CRESPA when they failed to provide Plaintiff proper pre-disclosure statements along with the GFE, and URLA.  (Compl. ¶¶ 35-36.)  Plaintiffs also allege that Defendants denied them an opportunity to inspect the HUD-1 settlement statements before the settlement, failed to disclose the accepted charges for the settlement services, intentionally failed to verify Plaintiffs' repayment ability, falsified material information to qualify Plaintiffs for the Loans "that were doomed for failure," and refused to provide the original documentation for the Loans even when requested by Plaintiffs' counsel.  (Compl. ¶¶ 37-42.)

As an initial matter, the Court will grant Defendants' Motions to Dismiss Count I to the extent that it alleges a violation of CRESPA.  CRESPA is inapplicable in this case because it does not allow for a private cause of action.  See *Stith v.*

*Thorne*, 247 F.R.D. 89, 96 (E.D. Va. 2007) ("Stith is an individual and not a licensing authority; therefore she cannot pursue a private cause of action under CRESPA.")

As to the allegations of a violation of RESPA, Defendants submit that Count I must be dismissed because Plaintiffs' claim is time-barred by the applicable statute of limitations.[3]  (Option One's Mem. at 3); (PNC's Mem. at 4-5.) RESPA's statute of limitations provisions vary depending on which sections of RESPA are alleged to have been violated.  12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation.")  In this case, the alleged violation of RESPA and Regulation X occurred on or before the date of the settlement, April 18, 2006.  (Compl. ¶¶ 33-43.) The Complaint was filed on May 20, 2010, which is more than four years from when the alleged violations occurred.  Thus, Plaintiffs' RESPA claim is time-barred by the applicable statutes of limitations.

Though Plaintiffs did not oppose Defendants' motions, thus did not submit any argument regarding equitable tolling, the

---

[3] The Court need not and will not address the merit of Defendants' argument regarding sufficiency of the allegations under Federal Rule of Civil Procedure 12(b)(6) because Count I is barred by the applicable statute of limitations.

Court will address this argument in light of Plaintiffs'
conclusory allegation that they have not discovered the
Defendants' "wrongdoings" until November 2009 based on
Defendants' "overreaching attempts to conceal the true nature of
the contractual terms." (Compl. ¶ 49). The threshold question
is whether equitable tolling applies to the statute of
limitations analysis of Plaintiff's RESPA Claim. The D.C.
Circuit held in *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037,
1040-41 (D.C. Cir. 1986), that the statute of limitations imposed
by RESPA was a jurisdictional prerequisite, thus was not subject
to equitable tolling. Moreover, relying on *Hardin,* the Fourth
Circuit in an unpublished opinion held that the equitable tolling
doctrine was not applicable to RESPA. *Zaremski v. Keystone Title
Assoc., Inc.,* 884 F.2d 1391, at *2 (4th Cir. 1989). On the other
hand, other federal courts have held that the statute of
limitations imposed by RESPA was subject to equitable tolling.
*See, e.g., Lawyers Title Ins. Corp. v. Dearborn Title Corp.,* 118
F.3d 1157, 1166-67 (7th Cir. 1997); *Carr v. Home Tech Co., Inc.,*
476 F. Supp. 2d 859, 868-69 (W.D. Tenn. 2007); *Mullinax v. Radian
Guar. Inc.,* 199 F. Supp. 2d 311, 328 (M.D.N.C. 2002); *Kerby v.
Mortgage Funding Corp.,* 992 F. Supp. 787,797 (D. Md. 1998).

If the Court were to decide that the statute of
limitations period in RESPA was subject to equitable tolling, the
next inquiry would be whether Plaintiffs satisfied the

prerequisites to receive the benefit of equitable tolling. *Barnes v. West, Inc.,* 243 F. Supp. 2d 559, 563 (E.D. Va. 2003). To do so, Plaintiffs must show that "(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the [P]laintiff[s'] claim, and (2) the [P]laintiff[s] failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Supermarket of Marlinton Inc. v. Meadow Gold Diaries, Inc.,* 71 F.3d 119, 122 (4th Cir. 1995).

The crux of Plaintiffs' RESPA claim is that Defendants failed to provide proper pre-disclosure statements, failed to disclose the accepted charges for the settlement services, and failed to verify Plaintiffs' repayment ability. (Compl. ¶¶ 37-42.) Further, Plaintiffs allege that they were unable to discover the alleged fraud until November 2009 based on Defendants' attempt to conceal the nature of the Loans. (Compl. ¶ 49.) However, even if the Court were to assume, *arguendo*, that (1) Plaintiffs have alleged sufficient facts to state their RESPA claim, (2) Defendants concealed the facts that formed the basis of Plaintiffs' RESPA claim which prevented Plaintiffs from discovering these facts within the statute of limitations period, Plaintiffs still cannot receive the benefit of equitable tolling because it does not appear that they exercised the required "due diligence." *See Chao v. Virginia Dep't of Transp*., 291 F.3d 276,

283 (4th Cir. 2002); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

Plaintiffs allege that they were "forced to detrimentally rely upon" Defendants' misrepresentations when Hirmao and PNC Mortgage informed them "not [to] worry about" the specifics of the settlement papers in response to their inquiry at the settlement. (Compl. ¶ 19.) Plaintiffs also allege that, over the course of the loan negotiation, they asked the Defendants to provide "certain disclosures and other information related to the financing of" the Property, but never received them. (Compl. ¶ 25.) These allegations of the Complaint do not suggest to the Court that Plaintiffs exercised the required due diligence. The events leading up to and at the settlement appear to be sufficient to put Plaintiffs on notice that they needed to inquire further before executing the Loans. Despite Defendants' alleged failure to deliver them the requested documentation, Plaintiffs chose not to inquire further, executed the an adjustable rate note to purchase a house, and continued to make the monthly payments until October 2009. (Compl. ¶¶ 15, 20, 26.) Defendants' previous failure to deliver the documentation that Plaintiffs requested should have led them to the path of specific inquiry rather than timid acceptance of Defendants' suggestion not to worry about it. *Pocahontas Supreme Coal Co., Inc. v.*

*Bethlehem Steel Corp.*, 828 F.2d 211, 219 (4th Cir. 1987) ("[D]ue diligence contemplates more than the unpursued inquiry."); *Chao*, 291 F.3d at 283 ("The question is whether the delinquent plaintiff has done everything she can to preserve her rights.")

Based on the foregoing analysis, the Court need not decide whether the statute of limitations period in RESPA is subject to equitable tolling in this case because Plaintiffs did not adequately allege the due diligence element to receive the benefit of equitable tolling. The Plaintiffs' claim of RESPA is thus time-barred. For these reasons, the Court will dismiss Count I of the Complaint.

B.  Count II

Plaintiffs in Count II of the Complaint allege that Defendants violated TILA and Regulation Z by (1) failing to timely disclose required information regarding the real estate transaction at issue; (2)failing to accurately disclose required information in the Federal Truth in Lending Disclosure Statement("TILDS"); and (3) failing to provide Plaintiff a signed copy of the original documentation for the Loans. (Compl. ¶¶ 46-50.) Defendants submit that Count II must be dismissed because Plaintiffs' TILA and Regulation Z claim, like Count I, is time-barred by the applicable statute of limitations. (Option One's Mem. at 3; PNC's Mem. at 6-7.)

TILA claim is barred by the one-year statute of

limitations under section 1640(e).  *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought ... within one year from the date of the occurrence of the violation").  This same one-year statute of limitations also applies to violations of Regulation Z.  12 C.F.R. § 226.1(e) (2010).  Here, the alleged violations that formed the basis of the Plaintiff's TILA claim occurred either at the time of or before the settlement on April 18, 2006.  (Compl. ¶¶ 45-50.)  Plaintiffs filed their Complaint on May 20, 2010, more three years after TILA's one-year statute of limitations expired.  Thus, the Court finds that Plaintiff's TILA and Regulation Z claim is time-barred by the applicable statute of limitations.

Additionally, the Court will not address whether the statute of limitations period in TILA was subject to the doctrine of equitable tolling here for the same reasons articulated above for Plaintiffs' RESPA claim.  That is, even if Plaintiffs' TILA claim were subject to the doctrine of equitable tolling, the Court finds that Plaintiffs failed to allege sufficient facts to receive the benefit of equitable tolling.  *See supra,* Part III.A. Based on these facts, the Court will also dismiss Count II of the Complaint.

C.  Counts III-IV

Next, Defendants move to Count III (Conspiracy), Count

IV (Breach of Fiduciary Duty), and Count IV [*sic*] (Fraud) because these claims are also barred by the applicable statutes of limitations. (Option One's Mem. at 4-5); (PNC's Mem. at 7-10).

In Count III, Plaintiffs allege that Defendants "agreed between and among themselves to engage in the conspiracy to defraud" Plaintiffs. (Compl. ¶ 56.) Plaintiffs further allege that "Defendants acted together in combined and concerted effort to achieve a preconceived plan to forcefully induce Plaintiffs to enter into securities transaction, the details of which were intentionally concealed from Plaintiffs." (Compl. ¶ 53.) "A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful." *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402, 337 S.E.2d 744 (Va.1985). Here, the conspiracy necessarily occurred prior to the Plaintiffs allegedly being fraudulently induced to enter into the relevant loan transactions. (*See* Comp. ¶¶ 53-55.) The actions based on fraud, like the instant case, must be commenced within two years after the cause of action accrues or when that fraud should have been reasonably discovered by the exercise of due diligence. Va. Code §§ 8.01-243 & 8.01-249. The Court's analysis here is identical to its analysis for Counts I and II. The Court finds that Count III is time-barred and will dismiss Count III of the Complaint.

Count IV of the Complaint alleges that Defendants (1) "fraudulently induc[ed] Plaintiffs to enter into a transaction" by using a false social security number; (2) failed to provide them "accurate and truthful information" regarding the Loans; and (3) "failed to take into account [Plaintiffs'] incomes and expenses in qualifying them for mortgage loans." (Compl. ¶¶ 60-61). Pursuant to Virginia Code § 8.01-230, an action for breach of fiduciary duty must be brought within two years of the date of injury. Va. Code § 801-230. Here, Plaintiff's cause of action for breach of fiduciary duty necessarily accrued on or before the settlement on April 18, 2006 based on Defendant's alleged actions. As Plaintiffs failed to file the enumerated claim within the two-year statutory time period, the court will dismiss Plaintiffs' claim for breach of fiduciary duty as time-barred.

Count IV [*sic*] of the Complaint, which alleges a claim for fraud against Defendants, is also barred by the applicable statute of limitations. Here, all of Plaintiffs' allegations that form the basis of the fraud claim involve the representations made to Plaintiffs by Defendants prior to the settlement on April 18, 2006. (*See* Compl. ¶ 72.) As stated above, the actions for damages resulting from fraud shall be commenced within two years after the cause of action accrues or when that fraud should have been reasonably discovered by the exercise of due diligence. Va. Code §§ 8.01-243 & 8.01-249. For

the same reasons articulated above in Part III.A, *supra*, the Court finds that Count IV [*sic*] is time-barred.  Accordingly, the Court will dismiss Count IV [*sic*] of the Complaint.

## D.  Count V: Violation of the Virginia Mortgage Lender Broker Act

Because the MLBA does not create a private cause of action, the Court will dismiss Count V of the Complaint, which alleges a violation of MLBA.  *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 847 (E.D. Va. 2007).

## E.  Count VI: Declaratory Judgment

Plaintiffs seek a declaratory judgment regarding to whom they owe their "rights, obligations, and duties" and "in what amount, if any."  (Compl. ¶ 87.)  "The purpose of the declaratory judgment statutes is to provide a mechanism for resolving uncertainty in controversies over legal rights, without requiring one party to invade the asserted rights of another in order to permit an ordinary civil action for damages."  *Umstattd v. Centex Homes, G.P.*, 274 Va. 541, 548 (Va. 2007) (citing Va. Code § 8.01-191).  Further, "a declaratory judgment is unavailable in situations where . . . [the] claims and rights asserted have fully matured, and the alleged wrongs have already been committed."  *Trull v. Smolka , 2008 U.S. Dist. LEXIS 70233, 2008 WL 4279599 *8* (E.D. Va. 2008); *see also Board of County Supervisors v. Hylton Enters., Inc.*, 216 Va. 582, 585 (Va. 1976).

17

Here, Plaintiffs are not attempting to resolve uncertainty in controversies over legal rights but instead are seeking damages for alleged wrongdoings and injuries that have already taken place, that is, the foreclosure as a result of Plaintiffs' failure to make timely payments. Thus, Plaintiffs request for declaratory judgment is untimely and the Court will dismiss Count VI of the Complaint. *See Hammett, et al. v. Deutsche Bank Nat'l Co.*, 2010 U.S. Dist. LEXIS 29090 *17-18 (E.D. Va. 2010).

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants Option One and PNC Mortgage's respective Motions to Dismiss Plaintiffs' Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

An appropriate Order will issue.

August 26, 2010
Alexandria, Virginia

_____/s/_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE